UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHONA MARIE CROUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-CV-988-CCB |
| ) | |
| MARTIN J. O'MALLEY, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Shona Marie Crouch's ("Crouch") appeal of the Social Security Administration's Decision dated March 30, 2023 (the "Decision") which found that Crouch was not disabled and not entitled to disability benefits. The parties have briefed the appeal. After considering the briefing and the administrative record, the Court finds, for the following reasons, that the Decision must be affirmed.

## ANALYSIS

### A. Standard of Review

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted). In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268

F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)). Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted).

While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of the ALJ's reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

### B. Procedural Background

Crouch filed an application for benefits on October 6, 2021, alleging disability beginning on February 26, 2017. The claim was denied initially and on reconsideration. On January 31, 2023, the parties participated in a hearing before an ALJ. The ALJ issued an unfavorable decision on March 30, 2023. (R. 20-31). This appeal followed.

### C. The ALJ's Decision

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A). If a claimant's application is denied initially and on reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether she has the residual functional capacity to perform her past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a*); Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). An answer in the affirmative in steps one through four stops the inquiry and the claimant is found to be not disabled. If steps one through four are answered in the negative, the ALJ proceeds to step five.

Here, at step one, the ALJ found that Crouch did not engage in substantial gainful activity since February 27, 2017, the alleged onset date. (R. 22). At step two, the ALJ determined that Crouch had the following severe impairments: thoracolumbar spinal fusion; severe recurrent major depression with psychotic features; anxiety; seizure disorder; and bipolar disorder. (R. 23). The ALJ also found that Crouch had the following non-severe impairments: substance-induced psychotic disorder with onset during withdrawal with delirium; acute psychosis; hypothyroidism, hepatitis C; methamphetamine use disorder; cannabis use disorder; and latent tuberculosis. (R. 23).

At step three the ALJ found that Crouch did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)". (R. 23). At step four, the ALJ found that Crouch had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), i.e., lift/carry 20 pounds occasionally and 10 pounds frequently, sit for 6/8 hours, and stand/walk for 6/8 hours, except the claimant can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She must avoid workplace hazards such as unprotected heights and moving mechanical parts. She can understand, remember, and carry out simple instructions. She cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas.

(R. 25).

Also at step four, the ALJ found that Crouch is unable to perform any past relevant work. (R. 29). At step five, the ALJ found that Crouch is able to perform jobs that exist in significant numbers in the national economy. (R. 29). Therefore, the ALJ found Crouch to be not disabled as defined in the Social Security Act. (R. 30).

### 1. The ALJ's Assessment of Crouch's RFC

Crouch objects to the fact that the ALJ did not rely on any medical opinions in the assessment of the RFC. Crouch did not provide any treating source opinions or consultative exam opinions for the record, and the ALJ found the opinions of the state agency consultants to be not persuasive. Crouch contends that *Moon v. Colvin*. 763 F.3d 718, 722 (7th Cir. 2014), stands for the proposition that an ALJ must rely on a medical opinion. Crouch is mistaken. While *Moon* held that an ALJ cannot interpret medical records such as MRI's, it did not require that an ALJ rely on a medical opinion to craft an RFC. It is clear, in fact, that it is solely the ALJ's responsibility, and not that of any medical personnel, to formulate an RFC. 20 C.F.R. § 404.1546(c); *Thomas v. Colvin*, 745

4

F.3d 802, 808 (7th Cir. 2014). An ALJ must undertake an independent determination of the RFC based on the entire record, which includes objective medical evidence and the testimony at the hearing. 20 C.F.R. §404.1527(d)(2) (independent evaluation of the record is ALJ's express duty).

Crouch also contends that the fact that she failed to show up for a consultative examination appointment should not be considered substantial evidence in support of the ALJ's RFC assessment. Notice of the appointment was mailed to Crouch at her address at a homeless shelter less than two weeks before the date of the appointment. (R. 383-84). Crouch claims that due to her homelessness, her chronic fatigue, her phone not working, and problems concentrating, it was not her fault that she did not attend the consultative examination. However, it is clear that the ALJ did not place much weight on the missed appointment, merely noting that there were no treating source or consultative exam opinions in the file and that Crouch failed to show for a scheduled consultative exam despite a reminder. (R. 29, citing Ex. C12E; C16E). Additionally, the ALJ exhaustively discussed the medical record (R. 25-29) in support of her conclusion that, based on the weight of the objective medical evidence, Crouch's course of treatment, her activities of daily living, and the opinions of the non-examining physicians, Crouch possessed the RFC for a restricted range of light work.

Crouch also asserts that the ALJ failed to consider that Crouch has back pain from a spinal fusion and scoliosis and disagrees with the ALJ's conclusion that her symptoms responded well to conservative treatment. However, the ALJ considered Crouch's back impairments in the Decision and limited Crouch to light work. (R. 28). Crouch has not supported her assertion that she required greater limitations than those found by the ALJ. This Court will not reweigh the evidence and finds that substantial evidence supports the ALJ's conclusions. This is not an instance where an entire line of evidence was ignored and, thus, there is no basis for remand.

Plaintiff further contends that the ALJ should have included a social interaction limitation due to a fight Crouch had with another inmate while she was in prison. Crouch claims that she has

an inability to interact well with authority figures who mistreat her, and has anxiety when in a group of more than nine people. As the Commissioner points out, however, Crouch fails to connect the dots and has failed to show that a prison altercation and mistrust of abusive authority figures renders her unable to manage normal work conflicts. Additionally, the ALJ was under no duty to include the self-reported nine-person limit into the RFC. *Knox v. Astrue*, 327 F.App'x 652, 655 (7th Cir. 2009) ("There is no presumption of truthfulness for a claimant's subjective complaints."). Moreover, as the ALJ noted, the record shows that Crouch was able to use public transportation, shop in stores, go to the park, dine at restaurants, work the front desk of a mission, and attend church and Alcoholics Anonymous meetings. (R. 24, citing R. 368-73; R. 28, citing R. 674-75). Clearly, substantial evidence supports the ALJ's assessment of Crouch's social abilities.

As there are no errors in the ALJ's Decision, it must be affirmed.

## **CONCLUSION**

For the reasons set forth above, the Defendant's Decision is AFFIRMED. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff.

SO ORDERED on June 24, 2024.

/s/ Cristal C. Brisco
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT